ROBERT L. CUTTING, Jr., as Receiver of the Bankers and Brokers' Association, Appellant, v. THOMAS S. MARLOR, Respondent.

*Bank — liability of, for stock, deposited as collateral and fraudulently used by one of its officers.*

The defendant borrowed some $6,000 from The Bankers and Brokers' Association, of which one Bonner was president, depositing certain bonds and stocks to secure the repayment of that amount. Bonner fraudulently converted the collaterals to his own use.

It appeared that the trustees of the association had been guilty of negligence in not exercising proper vigilance in the inspection of the securities and the management of its affairs.

In an action brought by the receiver of the association to recover the amount of the loan, *held*, that he could not recover without allowing the defendant for the value of his bonds and stock.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

This action was brought by the plaintiff, as receiver of the Bankers and Brokers' Association, to recover a loan made by it to the defendant. The defence was that certain stocks and bonds belonging to him had been deposited with the association to secure the loan, and that they had been converted by its president, one Bonner. The justice, before whom the action was tried, found that the trustees of the association had been guilty of negligence in failing to hold meetings, as required by its by-laws, and in neglecting to inspect the affairs and securities of the association, and in failing to exercise proper vigilance over the management of its affairs, and held that this negligence in the trustees rendered the association liable for the conversion of the defendant's securities, and gave judgment for the defendant for the value of the stock and bonds, after deducting therefrom the amount of his indebtedness to the Association.

*John Clinton Gray* and *John McKeon*, for the appellant.

*Stewart L. Woodford* and *William Henry Arnoux*, for the respondent.

DANIELS, J. :

This case is undoubtedly on its way to the Court of Appeals, by whose decision alone it will be finely determined. An early disposition of it by this court will facilitate its progress in that direction, and enable the parties to speedily secure a definite settlement of the controversy existing between them. The transaction, out of which it has arisen, appears to have been within the corporate authority of the corporation, whose effects have passed into the hands of the plaintiff as receiver. It was a loan of money for the repayment of which securities were placed in the custody of the corporation. It had the power to make the loan, and receive, and obligate itself to return the collaterals, when the borrower should repay the money loaned, and such an obligation, though not in terms expressed, was implied by law from what transpired between the borrower and the lender. The securities received were under the control of the president of the corporation. He fraudulently abstracted and disposed of them, and deprived the corporation in that way of the power of performing its obligation. Its contract was broken because of the misconduct of its own officer and agent, in the exercise of the authority which it had conferred upon him. In the possession and exercise of corporate authority he had, in fact, become the general agent or manager of the corporate affairs. And that had been permitted to be extended so far as to involve the practical omission of oversight of his acts and conduct, on the part of the trustees or directors, as legally amounted to carelessness. He had thereby become invested with unrestrained authority in the conduct of the corporate business. And no adjudication has gone so far as to exonerate the corporation from liability for the misconduct of such an officer, when it has been so extended as to create a failure on its own part, as it did in this case, to perform a legal and binding obligation resting upon the corporation itself. The cases relied upon, as sustaining a different view, are those of robberies and thefts involving no fault whatever on the part of the corporation ; or of mere gratuitous bailments, imposing no such obligation for the return of the property as existed in this case. For that reason they cannot be considered as controlling the disposition which should be made of the present controversy.

By the judgment which has been recovered the liability of the corporation for the misappropriation of the defendant's collaterals has been established. And the principles upon which it rests seem to be consonant to those usually requiring parties to perform their lawful obligations. When they have been regularly entered into the fact that one of the parties by the misconduct of his, or its servants, or agents, has become involved in a breach of the terms of the expressed or implied agreement made, has not been held to be sufficient to entitle the defaulting party to immunity from liability. (*Blackstock* v. *N. Y. and Erie R. R. Co.*, 20 N. Y., 48, 51, 52.) The principle on the other hand, which has been repeatedly sanctioned and usually followed has been, that where one of two innocent persons must sustain a loss, in consequence of the misconduct of another, it shall be borne by him who has placed it in the power of the wrong-doer to perform the wrongful act. (*Rawls* v. *Deshler*, 3 Keyes, 572.) And it seems to be peculiarly apposite in its application to this case, and, without considering it further, to require an affirmance of this judgment. That, therefore, should be the disposition now to be made of this appeal.

Brady, P. J., and Ingalls, J., concurred.

Judgment affirmed.